UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **JOSEPH A. and GURLENE BLANKENSHIP,** ] | ] |
| **Plaintiffs,** ] | ] |
| v. ] | Case No.: 1:17-cv-00345-ACA |
| **BAKER FOODS, INC.,** ] | ] |
| **Defendant.** ] | ] |

# MEMORANDUM OPINION AND ORDER

Plaintiff Gurlene Blankenship fell over a floor mat while shopping in a Piggly Wiggly grocery store operated by Defendant Baker Foods, Inc. ("Baker"). (Doc. 4 at 2–3). Mrs. Blankenship and her husband, Joseph, allegedly suffered injuries as a result of this fall and filed suit against Baker to recover damages. (*Id.* at 6–7). In the amended complaint, the Blankenships allege that the floor mat located at the store exit had not been properly laid, causing Mrs. Blankenship to trip and fall. (*Id.* at 3–5). The parties have filed cross–motions for summary judgment, which have been fully briefed. (Doc. 30; Doc. 36).

For the reasons explained below, the court **GRANTS IN PART** and **DENIES IN PART** Baker's motion for summary judgment.

## I. STANDARD OF REVIEW

In deciding a motion for summary judgment, the court must first determine if the parties genuinely dispute any material facts, and if they do not, whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A disputed fact is material if the fact "might affect the outcome of the suit under the governing law," and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986).

The Rule 56 standard also applies when addressing cross-motions for summary judgment and the court must review each motion separately to determine whether either party is entitled to judgment as a matter of law. *United States v. Oakley,* 744 F.2d 1553, 1555 (11th Cir. 1984) ("Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed.").

## II. FACTS

On January 22, 2016, Joseph and Gurlene Blankenship visited Alabama to attend a family member's funeral. (Doc. 32-2 at 9). After the service, Mr. and Mrs. Blankenship traveled to Childersburg and stopped at a Piggly Wiggly to purchase groceries. (*Id.* at 9–10). With their purchases made, the Blankenships

proceeded toward the exit. (*Id.* at 10–11). Mrs. Blankenship turned her attention to sale items located near the exit and tripped on a floor mat, causing her to fall against a set of automatic sliding doors. (Doc. 4 at 6; Doc. 32-2 at 10). Mrs. Blankenship alleges that she fell as a result of a "puck" in the edge of the mat on the floor. (Doc. 32-2 at 19–20). Prior to the fall, Mrs. Blankenship did not look down or notice any irregularities in the mat. (*Id.* at 19). As a result of her fall, Mrs. Blankenship claims to have suffered severe injuries to her spine and right shoulder. (Doc. 4 at 6).

A few hours before Mrs. Blankenship fell, a Baker employee mopped the floor next to the store exit. (Doc. 32-4 at 3–5). Once he finished mopping, the employee returned to the floor mat and used his right foot to straighten it, "making sure everything was stable where it was at." (*Id.* at 6). Although the employee testified that nothing about the floor mat's condition warranted taking additional precautions (*id.* at 10), he acknowledged the possibility that the "puck" in the rug could have been present at the time Mrs. Blankenship fell (*id.* at 6–7).

Baker preserved a video surveillance tape of the incident and produced a copy to Mrs. Blankenship along with its initial disclosures. (Doc. 32-2 at 19; Doc. 11 at 1–2). Neither Mrs. Blankenship nor Mr. Blankenship noticed a defect in the floor mat while inside the store, but both identified a small "puck" while reviewing video footage months later. (Doc. 32-3 at 6; Doc. 32-2 at 19). Mrs. Blankenship

3

further testified that she would have "probably" noticed the floor mat's condition had she looked down. (Doc. 32-2 at 19).

On January 1, 2017, the Blankenships filed this action in the Circuit Court of Talladega County, Alabama. (Doc. 1 at 17). Baker subsequently removed this case to federal court based on diversity jurisdiction. (*Id.* at 2). The Blankenships amended their complaint to correctly designate "Baker Foods, Inc." as a defendant. (Doc. 4 at 1). The parties' motions for summary judgment are currently before the court.

## III. DISCUSSION

The amended complaint alleges the following claims against Baker: negligence (Count I); willful and wanton conduct (Count II); negligent training, retention, and supervision (Count III); and spoliation of evidence (Count IV). (*Id.* at 7–10). Mr. Blankenship also brings a loss of consortium claim derivative of his wife's injuries. (*Id.* at 6). Baker moved for summary judgment on all counts of the amended complaint. (Doc. 31). The Blankenships moved for summary judgment on Counts I, II, and III of their amended complaint. (Doc. 38).

### A. *Premises Liability*

It is undisputed that Mrs. Blankenship was a business invitee when she entered Piggly Wiggly. *Edwards v. Intergraph Services Co., Inc.*, 4 So. 3d 495, 500 (Ala. Civ. App. 2008). "The duty owed to an invitee is limited to hidden

defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care." *Ex parte Mountain Top Indoor Flea Market, Inc.*, 699 So. 2d 158, 161 (Ala. 1997). Therefore, Baker did not have a duty to warn Mrs. Blankenship of open and obvious defects on its premises. *Ex parte Kraatz*, 775 So. 2d 801, 803 (Ala. 2000).

When determining whether an open and obvious condition exists, the court's inquiry is whether "the condition and risk are apparent to, and would be recognized by, a reasonable person" in Mrs. Blankenship's position. *Hines v. Hardy*, 567 So. 2d 1283, 1284 (Ala. 1990). Applying this standard, "the question is whether the danger should have been observed, not whether it was consciously appreciated." *Jones Food Co. v. Shipman*, 981 So. 2d 355, 362 (Ala. 2006). Generally, "whether a danger was open and obvious is a question of fact to be determined by a jury." *Harley v. Bruno's Supermarkets, Inc.*, 888 So. 2d 525, 527 (Ala. Civ. App. 2004) (citing *Kraatz*, 775 So. 2d at 801–04). Summary judgment is only appropriate "when the undisputed evidence shows that the plaintiff was aware of the danger, appreciated the danger, and acted more carefully because of the perceived danger." *Harding v. Pierce Hardy Real Est.*, 628 So. 2d 461, 463 (Ala. 1993).

Baker argues that it is entitled to summary judgment on the Blankenships' negligence claim because the puck on the floor mat was an open and obvious condition which was known or should have been discovered by Mrs. Blankenship.

5

Baker's argument centers on the fact that Mrs. Blankenship testified during her deposition that had she looked down, she would have noticed the alleged dangerous condition and acted to avoid it. In support of this argument, Baker cites three cases: *Edwards v. Hammond*, 510 So. 2d 234 (Ala. 1987); *Dolgencorp, Inc. v. Taylor*, 28 So. 3d 737 (Ala. 2009); and *Sheikh v. Lakeshore Foundation*, 64 So. 3d 1055 (Ala. Civ. App. 2010). However, all of these cases are distinguishable from the case at bar.

In *Edwards*, the invitee plaintiff filed suit against her employer for injuries suffered from a slip and fall incident involving a small rug located in the defendant's hallway. *Edwards*, 510 So. 2d at 235. The plaintiff claimed that the fact the rug was placed on a hardwood floor without rubber backing was "sufficient to show that [the defendant] did not use reasonable care in keeping her premises safe." *Id.* at 236. The trial court entered a directed verdict in favor of the defendant and the Alabama Supreme Court affirmed, finding a "complete absence of evidence tending to establish a breach of any duty owed [to] the plaintiff by the defendant." *Id.* at 237. Rejecting the application of *res ipsa loquitur*, the Alabama Supreme Court held that the plaintiff failed to prove a defective condition in the rug proximately caused her injuries. *Id.* (citing *Tice v. Tice*, 361 So. 2d 1051, 1052 (Ala. 1978)). Unlike the plaintiff in *Edwards*, Mrs. Blankenship provides *some* evidence from which a jury could conclude that the small puck on the store's floor

6

mat created a dangerous condition and that Baker breached its duty to repair it. This finding is supported by evidence in the record, including witness testimony, photographs, and video footage of the incident.

In *Dolgencorp*, the plaintiff brought negligence and wantonness claims against Dollar General for injuries she suffered after tripping over unopened boxes of merchandise. *Dolgencorp, Inc.*, 28 So. 3d at 739. In reversing a jury verdict in favor of the plaintiff, the Court relied primarily on the plaintiff's testimony establishing that "she saw the cases of merchandise in the aisles of the store, appreciated the hazard posed by those cases, and acted more carefully because of that hazard." *Id.* at 744. Under the facts of this case, Mrs. Blankenship testified that she did not see the puck. If Mrs. Blankenship could not see the puck, then it logically follows that she could not have appreciated the hazard or acted more carefully because it existed.

In *Sheikh*, the Court of Civil Appeals affirmed summary judgment in favor of the defendant rehabilitative center where the plaintiff tripped over cables used to connect wheelchairs to exercise machines. *Sheikh*, 64 So. 3d at 1062. The court found that the plaintiff's familiarity with the facility, having exercised at the location nearly 500 times over the course of four years, coupled with the defendant's routine practice of connecting wheelchairs to exercise machines with cables, established an "open and obvious" condition. *Id.* at 1057, 1062. Here, it is

7

undisputed this was Mrs. Blankenship's first visit to the Piggly Wiggly in Childersburg. Moreover, the existence of the alleged hazardous floor mat was not a condition in which a customer would routinely encounter while visiting the store.

In the absence of evidence establishing that Mrs. Blankenship was aware of the puck, appreciated the danger it posed, and acted more carefully to avoid it, Baker is not entitled to summary judgment.

The Blankenships maintain that they are entitled to summary judgment on the negligence claim under the "distraction doctrine" because conspicuously posted warning signs on the store's automatic sliding doors distracted Mrs. Blankenship as she exited the store. (Doc. 38 at 6). This argument misconstrues Alabama Supreme Court precedent and is not supported by evidence in the record. The only conceivable "distraction" case in Alabama involved an invitee who slipped and fell on a concrete ramp while exiting a grocery store. *Bogue v. R & M Grocery*, 553 So. 2d 545, 545 (Ala. 1989). There, the ramp on which the plaintiff fell was built in such a way that a patron exiting the store would be naturally distracted by passing vehicles due to the exit's proximity to an island of gasoline pumps. *Id.* at 546. In reversing the lower court's grant of summary judgment, the Court held that the plaintiff provided sufficient evidence from which a jury could find that the distraction *itself* constituted a dangerous condition. *Id.*

In the present case, Mrs. Blankenship testified that she "was not looking at [the] rug" while exiting the store, but instead was "probably looking at the door" or "some stuff [that] was on sale in a basket." (Doc. 32-2 at 10–11). Nothing in the record reflects that Mrs. Blankenship was distracted by warning signs on the door. Accordingly, she is not entitled to summary judgment on this issue.

B. *Negligent Training, Retention, and Supervision*

To support a negligent hiring, training, and/or supervision claim, the Blankenships must prove that: (1) a Baker employee committed a tort recognized under Alabama law; (2) a Baker employee was incompetent to properly maintain the store's floor mats; (3) Baker had notice of its employee's incompetence or would have known had it exercised due diligence; and (4) Baker failed to adequately respond to this notice. *Askew v. R & L Transfer, Inc.*, 676 F. Supp. 2d 1298, 1303–04 (M.D. Ala. 2009) (citing *Armstrong Bus. Servs. v. AmSouth Bank*, 817 So. 2d 665, 682 (Ala. 2001)).

Baker argues it is entitled to summary judgment because the Blankenships failed to establish wrongful conduct by a Baker employee. This argument is derivative of its argument that the puck in the rug was an open and obvious defect. But, as discussed above, the court has left that issue for the jury. Thus, the court cannot say as a matter of law that Baker did not negligently train its employees. *Jones Exp., Inc. v. Jackson*, 86 So. 3d 298, 304 (Ala. 2010).

### C. *Wanton and Willful Conduct*

For their willful and wanton claim, the Blankenships contend that Baker's knowledge of the floor mat's dangerous condition and its failure to correct it, reflect a reckless indifference to the safety of its customers. (Doc. 38 at 12). Under Alabama law "wantonness" is defined as the "doing of some act or something with reckless indifference to the consequences" or "a failure or omission to do something, with reckless indifference to the consequences." *Weatherly v. Hunter*, 510 So. 2d 151, 152 (Ala. 1987). To constitute willful conduct, there "must be knowledge of danger accompanied with a design or purpose to inflict injury." *English v. Jacobs*, 82 So. 2d 542, 545 (Ala. 1955). Thus, wantonness differs from willfulness "in that intentional injury requires both knowledge of the danger and a design or purpose to inflict injury." *Id.*

The evidence in this case does not support the Blankenships' claim of willful and wanton conduct. Nothing in the record points to a conscious disregard of a known danger or indicates that Baker's employees acted with a design or purpose to injure Mrs. Blankenship. In fact, Mrs. Blankenship testified during her deposition that she did not believe the store employees intended to cause her injuries. (Doc. 32-2 at 12). Therefore, the Blankenships' claim of willful and wanton conduct fails as a matter of law.

### D. *Loss of Consortium*

Baker next moves for summary judgment on Mr. Blankenship's loss of consortium claim. (Doc. 31 at 17). Under Alabama law, loss of consortium is a derivative claim of a non-injured spouse that arises from an injury suffered by an injured spouse. *Jenkins v. State Farm Mut. Auto. Ins. Co.*, 30 So. 3d 414, 418 (Ala. Civ. App. 2008). To recover damages on a loss of consortium claim, Mr. Blankenship must prove that his wife's injuries were caused by Baker and, as a result, he suffered a personal harm. *Ex parte N.P.,* 676 So. 2d 928, 930 (Ala. 1996). Because Mrs. Blankenship's negligence claims survive summary judgment, Mr. Blankenship's loss of consortium claim does as well.

### E. *Spoliation of Evidence*

Lastly, Baker moves for summary judgment on the Blankenships' spoliation claim. (Doc. 31 at 18). Alabama defines spoliation as "an attempt by a party to suppress or destroy material evidence favorable to the party's adversary." *Vesta Fire Ins. Corp. v. Milam & Co. Const.*, 901 So. 2d 84, 93 (Ala. 2004). According to the amended complaint, the Blankenships allege that Baker "attempted to wrongfully destroy, hide, conceal, alter, or otherwise tamper with" material evidence, including security video footage related to Mrs. Blankenship's fall. (Doc. 4 at 9–10). The Blankenships do not oppose Baker's motion on this count and the only specific evidence that the Blankenships allege was subject to

spoliation is the video of the incident.  But, it is undisputed that Baker produced this evidence along with its initial disclosures.  (Doc. 11 at 2).  Because there is no evidence to support this claim the Blakenships' claim fails.

## IV. CONCLUSION

For the foregoing reasons, the court **GRANTS IN PART** and **DENIES IN PART** Baker's motion for summary judgment.  The court **ENTERS SUMMARY JUDGMENT** in favor of Baker and against the Blankenships on Counts II and IV of the amended complaint because no evidence in the record supports these claims.  The court **DENIES** the motion as to the remaining claims and the court **DENIES** the Blankenships' motion for partial summary judgment because a jury must determine whether the floor mat constituted an open and obvious danger.

**DONE** and **ORDERED** this December 21, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE